# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JARRETT TENORIO,

    Petitioner,

vs.                                                                                                                                                  No. CIV 18-0240 JB/CG

JIM GERLACH; DANIEL CORIZ;
KENNETH AGULAR; and JAVIN
CORIE,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner Jarrett Tenorio's failure to prosecute his Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed March 30, 2018 (Doc. 5)("Amended Petition"). Tenorio alleges that Santo Domingo Pueblo officials deprived him of due process and his right to counsel in connection witha tribal conviction. Tenorio recently severed contact with the Court and has not provided a forwarding address. Having reviewed applicable law and the record, the Court will dismiss the case without prejudice.

## PROCEDURAL BACKGROUND

Tenorio initiated this action on March 12, 2018, by filing a handwritten "Writ of Habeas Corpus Relief from Tribal Court Conviction," filed March 12, 2018 (Doc. 1)("Letter Petition"). The Court, thereafter, referred the matter to the Honorable Carmen Garza, Chief United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order Referring Case at 1, filed March 13, 2018 (Doc. 2). Tenorio's original Letter Petition indicated that he was imprisoned at the Grady County Law Enforcement Center ("Grady Center") in Chickasha,

Oklahoma.  See Letter Petition at 1.  The Letter Petition is not on the proper habeas form, is not sworn, and does not contain a clear request for relief.  See Letter Petition at 1.

On March 14, 2018, Chief Magistrate Judge Garza entered an Order to Cure Deficiencies (Doc. 3)("Cure Order").  The Cure Order explained that, to pursue habeas relief under 28 U.S.C. § 2241, Tenorio must submit an amended habeas petition on the proper form and either prepay the $5.00 filing fee or, alternatively, submit an application to proceed in forma pauperis.  See Cure Order at 1.  The Clerk of the Court also mailed Tenorio blank copies of the form § 2241 petition and the form motion to proceed in forma pauperis.  See Cure Order at 2.  Tenorio filed his Amended Petition on March 30, 2018.  He also filed an Application to Proceed in District Court Without Prepaying Fees or Costs, filed March 30, 2018 (Doc. 6)("In Forma Pauperis Application").

After filing the Amended Petition, Tenorio was released from custody or transferred to another facility without providing his new address, as D.N.M. LR-Civ. 83.6 requires.  Tenorio does not appear on the Grady Center Jail Log, http://www.gclec.com:81/45790001/jailwebip.html. He is also absent from the inmate-locator websites for the Oklahoma Department of Corrections, https://okoffender.doc.ok.gov/, and the New Mexico Corrections Department, https://search.cd.nm.gov/.  The Court takes "judicial notice of th[e] information regarding [Tenorio's] release that is available to the public on the . . . inmate locator" websites.  United States v. Robles-Ortega, No. 08-2143, 2009 WL 1969936, *1 n. 1 (10th Cir. July 9, 2009)(unpublished).[1]  See also Triplet v. Franklin, No. 06-6247, 365 F. App'x 86, 92 n.8 (10th

---

[1] The Court relies on this and other unpublished Tenth Circuit opinions to the extent their reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit

Cir. Feb. 5, 2010)(unpublished)(taking judicial notice of Oklahoma Department of Corrections' website); N.M. ex rel. Richardson v. Bureau of Land Mgmt., 565 F.3d 683, 702 n. 22 (10th Cir. 2009)(taking judicial notice of information on "[t]he websites of two federal agencies").

By an Order entered February 3, 2020, the Court directed Tenorio to notify the Clerk of his new address or to show cause why the Court should not dismiss this action without prejudice. See Order to Show Cause, filed February 3, 2020 (Doc. 7). The Order to Show Cause warns that the "[f]ailure to timely comply will result in dismissal of this action." Order to Show Cause at 1. The show-cause deadline was March 3, 2020. Tenorio has not updated his address, and the Order to Show Cause was returned as undeliverable with the notation: "Not in Grady County Jail. Return to Sender." Returned Envelope, filed February 24, 2020 (Doc. 8).

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." Rogers v. Andrus Transp. Services, 502 F.3d

---

has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).

1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162. Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162 (citing Olsen v. Mapes, 333 F.3d at 1204).

Here, Tenorio is no longer in custody at his address of record, and he has not provided an updated address. In light of this omission, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at

Arapahoe County Justice Center.  The Court will also deny the In Forma Pauperis Motion as moot.

**IT IS ORDERED** that: (i) Plaintiff Jarrett Tenorio's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed March 30, 2018 (Doc. 5), is dismissed without prejudice; (ii) the Application to Proceed in District Court Without Prepaying Fees or Costs, filed March 30, 2018 (Doc. 6), is denied; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jarrett Tenorio, # 124-508-983
Grady County Law Enforcement Center
Chickasha, Oklahoma

    *Pro se petitioner*